UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ROY LEE WILLIAMS (#98961), Petitioner | CIVIL ACTION NO. 5:17-CV-769-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KEITH DEVILLE, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Roy Lee Williams ("Williams") (#98961). Williams was granted leave to proceed *in forma pauperis*. (Doc. 5). Williams is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Winn Correctional Center in Winnfield, Louisiana. Williams complains that the Louisiana courts wrongfully denied his motion to correct an illegal sentence as time-barred.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### I.  Background

Williams was sentenced as a habitual offender to 30 years of imprisonment for attempted second degree murder. Although Williams indicates this is his first § 2254 petition, Williams has filed a prior habeas petition in this Court challenging this same 30-year sentence. (3:09-cv-191, consolidated with 09-cv-242). Williams's first § 2254 petition was denied and dismissed with prejudice as time-barred under 28 U.S.C. §

2244. (5:09-cv-191, Doc. 19). Williams's motion for certificate of appealability was denied by the appellate court. (5:09-cv-191, Doc. 22).

After the denial of his first § 2254 petition, Williams filed a motion to correct an illegal sentence in the trial court. The motion was construed as an untimely application for post-conviction relief and dismissed. Williams's subsequent writ applications in the Second Circuit Court of Appeal and Louisiana Supreme Court were denied. (Doc. 1-3, pp. 1-3).

## II. Law and Analysis

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(b), prohibits repeated, abusive challenges to the same conviction. Section 2244(b) places the following restrictions on "second or successive" applications for habeas corpus relief:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless —
>
> (A) the applicant must show that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional

> error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

Section 2244(b) does not define what constitutes a "second or successive" petition. The Fifth Circuit has explained that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In Re: Cain, 137 F.3d 234 (5th Cir. 1998). A later petition is "second or successive" when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ. Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." Graham v. Johnson, 168 F.3d 762, 774 n. 7 (5th Cir. 1999) (citing Felker v. Turpin, 518 U.S. 651, 655–58, 662–63 (1996)). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

Before a second or successive application permitted by § 2244(b) is filed in a district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Absent the requisite authorization, a district court is without jurisdiction to consider successive claims. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an

3

appellate panel first found that those challenges had some merit." Id. If a district court finds that a successive petition has been filed without authorization, the court may dismiss that petition without prejudice for lack of jurisdiction.

Petitioner's first habeas petition claimed that his sentence was illegally enhanced because of an aggravated battery conviction of another Roy Lee Williams rather than Willliams's actual aggravated battery conviction. (5:09-cv-191, Doc. 22, p. 1). The petition was dismissed as time-barred, which is an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. See In re Flowers, 595 F.2d 204, 205 (5th Cir. 2009) (per curiam).

Although the instant petition claims the state courts erred in dismissing Williams's motion to correct an illegal sentence as time-barred, the petition essentially attacks the same sentence and raises claims that were raised in the prior § 2254 petition. Thus, the petition is second or successive and should be dismissed for lack of jurisdiction.

Moreover, Williams's motion to correct an illegal sentence was construed by the state courts as an application for post-conviction relief. Williams's motion did not point to an illegal term in his sentence under the applicable statutes. The motion, like the § 2254 petitions, claimed that Williams's sentence was enhanced by an aggravated burglary conviction of another Roy Williams rather than Williams's own aggravated burglary conviction. Thus, the trial court properly construed Williams's motion as a post-conviction application. See State v. Alexander, 2014-0401 (La. 11/7/14), 152 So.3d 137.

Finally, even if Williams's motion was not considered second and successive, it would be time-barred for the same reasons stated in the Report and Recommendation in his first § 2254 petition. (5:09-cv-191, Doc. 17).

## III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Williams's petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. Before filing a second or successive petition, authorization must be obtained from the United States Court of Appeal for the Fifth Circuit.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.
Certificate of Appealability

5

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit judge or district judge issues a certificate of appealability, an appeal may not be taken to a court of appeal. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __7th__ day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge